IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRITON METALS, INC.**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 16-1059** |
| | * | |
| **ADVANCED FINISHING SYSTEMS, INC.**, | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

For the following reasons, Advanced Finishing Systems, Inc.'s (AFS) Renewed Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens* (ECF No. 11) is **DENIED**.

Because the Court has not held an evidentiary proceeding, Triton Metals, Inc. (Triton) need only make a *prima facie* showing that personal jurisdiction exists. *See Grayson v. Anderson*, 816 F.3d 262, 267.69 (4th Cir. 2015). Furthermore, the Court must construe all relevant pleading allegations in the light most favorable to Triton, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *See Brooks v. Motsenbocker Advanced Developments, Inc.*, 242 F. App'x 889, 890 (4th Cir. 2007).

The evidence presented by Triton is sufficient to make out a *prima facie* case of specific jurisdiction. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1) authorizes jurisdiction over AFS because it transacted business in Maryland by creating a substantial connection with Maryland. AFS offered its services to Triton, a Maryland citizen, negotiated in part in Maryland, sent personnel to meet with Triton in Maryland on multiple occasions, and sent the allegedly

fraudulent Certificates to Maryland. Furthermore, AFS contracted to accept parts sent from Maryland and contemplated that the anodized parts would be delivered to Triton in Maryland and eventually provided to FLIR Detection, Inc. in Maryland. As such, it was foreseeable that AFS would have to defend a lawsuit in Maryland.[1]

Because AFS is subject to personal jurisdiction in Maryland, pursuant to 28 U.S.C. § 1391(c)(2), it is deemed to reside in Maryland for venue purposes. Therefore, venue is proper under 28 U.S.C. § 1391(b)(1).

AFS's *forum non conveniens* arguments are unpersuasive. Triton is correct that the application of the *forum non conveniens* doctrine is commonly limited to cases in which the alternative forum is abroad. Furthermore, a vast majority of the potential witnesses and relevant evidence are located within Maryland or amendable to service of process in Maryland.

AFS's "first-to-file" argument is similarly unavailing. As Triton emphasizes, most of the cases cited by AFS in support of its "first-to-file" argument are distinguishable from and inapplicable to the instant case. AFS does not allege that *Colorado River* abstention applies in this case. Absent the application of an abstention doctrine, where a federal case and a state case are concurrently pending, there is no need to dismiss the federal case. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, (2013) ("Abstention is not in order simply because a pending state-court proceeding involves the same subject matter.").

---

[1] AFS is also subject to §§ (b)(2) and (b)(4) of Maryland's long-arm statute. Each time AFS contracted with Triton, it supplied goods in Maryland, irrespective of the F.O.B. term. AFS also caused tortious injury in Maryland while engaging in a persistent course of conduct in Maryland (through its 15 year relationship with Triton), deriving substantial revenue from Maryland (at least $90,000 in total, and up to 11% of its annual revenue), and manufacturing products used in Maryland (i.e. the anodized parts supplied to Triton).

For the foregoing reasons, AFS's Renewed Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens* (ECF No. 11) is **DENIED**, as set forth in the accompanying Order.

The hearing presently set for October 5, 2016 will be taken off.

                /s/
             **PETER J. MESSITTE**
          **UNITED STATES DISTRICT JUDGE**

**September 27, 2016**